UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES KOTROUS, individually
and doing business as THE
MATTRESS FACTORY,

        Plaintiff,

  v.

GOSS-JEWETT COMPANY OF
NORTHERN CALIFORNIA, INC., et
al.,

        Defendants.

NO. CIV. S-02-1520 FCD JFM

ORDER

----oo0oo----

This matter is before the court on motion for reconsideration pursuant to Eastern District Local Rule 78-230(k) of this court's June 26, 2005 Memorandum and Order, filed by defendant Bayer Cropscience, Inc., ("Bayer").[1]

An order that resolves fewer than all of the claims among

---

[1] Eastern District L.R. 78-230(k) provides the procedural rule for filing a motion for reconsideration of "any motion . . . granted or denied in whole or in part."

1

all of the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b); 18B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4478 (2d Ed. 2005)(while authorized, reconsideration of interlocutory orders disfavored). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." United States v. Martin, 226 F.3d 1042, 1048-49. (9th Cir. 2000), cert denied, 121 S. Ct. 1671 (2001). To succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal.1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988).

Generally, and absent highly unusual circumstances, reconsideration is appropriate only where (1) the party presents the court with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, (3) there is an intervening change in controlling law.[2] School Dist. No. 1J, Multnomah County, Oregon v. ACANDS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

The court has reviewed Bayer's memorandum in support of its motion for reconsideration and concludes that reconsideration is

---

[2] While the standards applicable to motions for reconsideration of final judgments or orders under Rules 59(e)(final judgments) and 60(b)(final judgments and orders) technically do not delimit the court's inherent discretion to reconsider interlocutory orders, the court nonetheless finds them to be helpful guides to the exercise its discretion.

1  not warranted.  Bayer interprets <u>Western Properties Service Corp.</u>
2  <u>v. Shell Oil Corp.</u>, 358 F.3d 678 (9th Cir. 2004), differently
3  than this court and disagrees with the court's conclusion that
4  there is an implied right of contribution in CERCLA section
5  107(a) independent of section 113(f).  However, this is not a
6  valid ground for reconsideration as the court has committed no
7  clear error of law.[3]

8      IT IS SO ORDERED.
9  DATED: August 23, 2005.

                                    <u>/s/ Frank C. Damrell Jr.</u>
                                    FRANK C. DAMRELL, Jr.
                                    UNITED STATES DISTRICT JUDGE

---

[3] Indeed, Bayer disagrees not just with this court's interpretation of <u>Western Properties</u>, but that of a second judge in this district who reached the same conclusion in a recent CERCLA case.  <u>See</u> <u>Adobe Lumber v. Taecker</u>, 2005 U.S. Dist. LEXIS 15374 (May 24, 2005).

3