UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES KOTROUS, individually
and doing business as THE
MATTRESS FACTORY,

NO. CIV. S-02-1520 FCD JFM

      Plaintiff,

  v.                                ORDER

GOSS-JEWETT COMPANY OF
NORTHERN CALIFORNIA, INC., et
al.,

      Defendants.

----oo0oo----

    This matter is before the court on defendant Bayer Cropscience Inc.'s motion for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendant also moves to stay discovery proceedings if this court grants its motion for certification. Plaintiff James Kotrous and crossclaimant Edward

1

Anselmo oppose the motions. For the reasons set forth below,[1] defendant's motions are GRANTED.

### BACKGROUND[2]

Plaintiff commenced this action on July 15, 2002, asserting claims for contribution under CERCLA; declaratory relief under CERCLA and the Declaratory Judgment Act; and various claims under state law. (Pl's Compl., filed July 15, 2002). On April 26, 2005, defendant Bayer Cropscience Inc. filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Def.'s 12(c) Mot., filed Apr. 26, 2005). Defendant argued that plaintiff's contribution claims under CERCLA should be dismissed because plaintiff did not and could not allege the standing requirements of CERCLA § 113(f). (Id. at 2). Defendant further argued that plaintiff's remaining federal claims should be dismissed because they are predicated upon the contribution claim. (Id.) If all federal claims were dismissed, defendant argued that the state claims should be dismissed for lack of subject matter jurisdiction. (Id.)

On June 16, 2005, the court denied defendant's motion to dismiss. (Order, filed June 16, 2005). The court based its order on the Ninth Circuit's decisions in Pinal Creek Group v. Newmont Mining Corp., 118 F.3d 1298 (9th Cir. 1997), and Western

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[2] The facts of this case are set out in detail in the court's order denying defendant Bayer's motion to dismiss. (Order, filed June 16, 2005). Therefore, the court only discusses those facts relevant to defendant's motion for certification.

Properties Service Corp. v. Shell Oil Co., 358 F.3d 678 (9th Cir. 2004). (Id. at 7-8). In Pinal Creek, the Ninth Circuit concluded "that § 107 implicitly incorporates a claim for contribution." Pinal Creek Group, 118 F.3d at 1301. The Ninth Circuit further clarified that "the enactment of § 113 . . . did not replace the implicit right to contribution . . . recognized in § 107(a)." W. Props. Serv. Corp., 358 F.3d at 685. Thus, the court held that a responsible party ("PRP") may maintain a claim for contribution under § 107 without meeting § 113 standing requirements. (Order, filed June 16, 2005, at 8). The court did not reach the issue of whether plaintiff could meet § 113(f)'s standing requirements because it relied on Ninth Circuit precedent recognizing an implied right of contribution in § 107. (Id. at 6-7).

On August 23, 2005, the court denied defendant's motion for reconsideration. (Order, filed Aug. 23, 2005). On September 6, 2005, defendant filed the instant motion to certify the court's June 16, 2005 order, and the related August 23, 2005 order for immediate interlocutory appeal. Defendant also moves to stay discovery proceedings if the court grants its motion for certification.

**STANDARD**

**1. Interlocutory Appeal Under 28 U.S.C. § 1292(b)**

The general rule is that an appellate court should not review a district court ruling until after entry of a final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 474 (1978); In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982), aff'd sub nom. Arizona v. Ash Grove Cement Co., 459

3

U.S. 1190 (1983); <u>see</u> 28 U.S.C. § 1291.  There is however, an exception to this general rule:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals . . . may thereupon . . . permit an appeal . . . . if application is made to it within ten days . . . .

28 U.S.C. § 1292(b).  The party seeking certification of an interlocutory appeal has the burden to show the presence of those exceptional circumstances.  <u>Coopers & Lybrand</u>, 437 U.S. at 474-75.

Section 1292 identifies three factors that must be present in order for the court to certify an appeal.  First, the issue to be certified must involve a controlling issue of law.  An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court."  <u>In re Cement Antitrust Litig.</u>, 673 F.2d at 1026 (citing <u>U.S. Rubber Co. v. Wright</u>, 359 F.2d 784, 785 (9th Cir. 1966)).  Second, there must be substantial ground for difference of opinion on that issue.  A party's strong disagreement with the court's ruling is not sufficient for there to be a "substantial ground for difference"; the proponent of an appeal must make some greater showing.  <u>Kern-Tulare Water Dist. v. Bakersfield</u>, 634 F. Supp. 656, 667 (E.D. Cal. 1986), <u>aff'd in part and rev'd in part on other grounds</u>, 828 F.2d 514 (9th Cir. 1987).  Third, an interlocutory appeal must be likely to materially speed the termination of the litigation.  This factor is linked to whether

an issue of law is "controlling" in that the court should consider the effect of a reversal by the court of appeals on the management of the case. See In re Cement Antitrust Litig., 673 F.2d at 1026.

**2.   Stay Pending Appeal**

Both Fed. R. Civ. P. 23(f) and 28 U.S.C. § 1292(b) give the district court discretion to stay the proceedings pending an appeal. Moreover, this court possesses the inherent power to control its own docket and calendar. Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (citations omitted).

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court.

Id. (quoting Leyva v. Certified Grocers, 593 F.2d 857, 863-64 (9th Cir. 1979).

**ANALYSIS**

**1.   Controlling Issue of Law**

Defendant argues that the court's ruling with respect to whether a PRP must meet the standing requirements of CERCLA § 113 before bringing a § 107 contribution claim is a controlling issue of law because resolution of the issue determines whether plaintiff's claims are viable. (Def.'s Mot., filed Sept. 5, 2005, at 4-5). If a § 107 contribution claim requires plaintiff to meet § 113 standing requirements, defendant argues that plaintiffs claims must be dismissed. (Id.) Defendant argues that plaintiff has not alleged compliance with § 113 standing

5

requirements in his first amended complaint, nor could plaintiff likely plead § 113 standing requirements if given leave to amend the complaint. (Id. at 5).

An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig., 673 F.2d at 1026. If a PRP is required to fulfill the standing requirements of § 113 in order to bring contribution claims, plaintiff's federal claims for contribution under CERCLA may be dismissed. Plaintiff's other federal claims are for declaratory relief relating to rights, duties, and liabilities for future recovery of cost or damages. (Pl.'s First Amended Compl., filed Nov. 22, 2002, ¶¶ 67-72). These claims are dependant upon plaintiff's contribution claims. See Boeing Co. v. Cascade Corp., 207 F.3d 1177, 1191 (9th Cir. 2000). If plaintiff's federal claims for contribution must be dismissed for lack of standing, the federal declaratory relief claims will be dismissed, and plaintiff's complaint will only allege state law claims. The resolution of whether a PRP must meet § 113 standing requirements to bring an action for contribution will determine whether plaintiff has jurisdiction to bring an action in this court. Thus, the court's June 16, 2005 order denying Bayer's motion to dismiss includes a controlling issue of law.

Crossclaimant Anselmo argues that even if § 113 standing is required, the court will still have jurisdiction if plaintiff and crossclaimant are allowed to amend the complaint to state a cause of action for injunctive relief under the Resource Conservation and Recovery Act ("RCRA"). (Crossclaimant's Opp'n, filed Sept.

1  20, 2005, at 5-6).  This argument is unavailing.  A contribution
2  action under CERCLA and an injunctive relief action under RCRA
3  are two entirely different claims for relief.  Even if the court
4  grants leave to amend, the issue of whether § 107 contains an
5  implied right of action separate from § 113 standing requirements
6  is a controlling issue of law because it will materially affect
7  the outcome of the litigation.

8  **2.   Substantial Ground for Difference of Opinion**

9  Defendant argues that there is a substantial ground for
10 difference of opinion as to whether a PRP must allege § 113
11 standing requirements in order to properly plead a § 107
12 contribution claim.  (Def.'s Mot. at 5-6).  Defendant points to
13 the Supreme Court's decision in Cooper Industries, Inc. v.
14 Aviall, 125 S.Ct. 577 (2004) and the decision of the Central
15 District of California in City of Rialto v. United State
16 Department of Defense, No. EDCV 04-00079 (C.D. Cal. filed Aug.
17 16, 2005).  (Id.)

18 In Aviall, the Supreme Court held that a PRP who
19 "voluntarily" incurs response costs cannot assert a claim for
20 contribution under § 113(f).  125 S. Ct. at 583.  The Court
21 expressly declined to decide whether the plaintiff has an implied
22 right of contribution under § 107.  Id. at 586.  However, the
23 Court noted that it had "visited the subject of implied rights of
24 contribution before" and cited cases rejecting the creation of
25 such rights.  Id.  The Court did not overrule the cases from this
26 circuit that recognize an implied right to contribution in § 107,
27 but did express considerable skepticism regarding whether courts
28 should find such an implied right.  Id.

In <u>Rialto</u>, the Central District of California interpreted the Ninth Circuit's decisions in <u>Western Properties</u> and <u>Pinal Creek</u> as requiring a PRP to satisfy § 113 standing requirements in order bring a § 107 contribution claim. No. EDCV 04-00079, at 7-8. The <u>Rialto</u> court rejected the plaintiff's argument that a § 107 contribution claim is available regardless of the a party's ability to satisfy § 113 standing requirements. <u>Id.</u> at 8-9. Specifically, the <u>Rialto</u> court held that, although the Ninth Circuit distinguished the matter decided in <u>Western Properties</u> from that decided by the Supreme Court in <u>Aviall</u> based upon the plaintiff's allegation under § 107(a), the Ninth Circuit ultimately based its conclusion that jurisdiction was proper upon the plaintiff's compliance with § 113 standing requirements. <u>Id.</u> at 9-10. Therefore, the <u>Rialto</u> court dismissed the plaintiff's claims for failure to allege facts that satisfy § 113 standing requirements. <u>Id.</u> at 14.

The Supreme Court's skepticism in <u>Aviall</u> in conjunction with the alternate interpretation of Ninth Circuit precedent by the district court in <u>Rialto</u> demonstrate that reasonable jurists may differ in determining the standing requirements for a CERCLA contribution claim. While two other district courts have agreed with this court's interpretation of Ninth Circuit precedent,[3] the /////

---

[3] The Eastern District of California held that a PRP may bring a CERCLA § 107 claim without meeting § 113 standing requirements. <u>Adobe Lumber v. Taecker</u>, No. CV S02-186, 2005 WL 1367065, *1 (E.D. Cal. May 24, 2005). The Northern District of California also held that § 113 standing requirements did not need to be met. <u>Ferguson v. Arcata Redwood Co.</u>, No. C 03-05632, 2005 WL 1869445, *6 (N.D. Cal. Aug. 5, 2005).

issue is by no means unambiguous. Thus, a substantial ground for difference of opinion exists.

### 3. Materially Speed the Termination of Litigation

If § 113 standing requirements must be satisfied to bring a § 107 claim, plaintiff's CERCLA contribution claims may likely be dismissed, resulting in a lack of federal subject matter jurisdiction. Based upon the importance of this issue in determining the jurisdiction of the court, resolution of this issue by the Ninth Circuit will materially speed the termination of litigation.

### 4. Timeliness of Defendant's Certification Motion

Plaintiff and counterclaimant argue that defendant's motion should be denied because it was not brought in a timely manner. Specifically, they contend that defendant's delay in bringing this motion until three months after the entry of this court's order waives the right to seek this remedy. (Counterclaimant's Opp'n at 2; Pl's Opp'n at 6-7). Section 1292(b) contemplates an expedited procedure for interlocutory appeals. See Martens v. Smith Barney, Inc., 238 F. Supp. 2d 596, 600 (S.D.N.Y. 2002) (denying motion for interlocutory appeal where plaintiffs allowed almost 5 months to pass before filing the motion and offered no reasonable explanation for the delay). However, in this case, there is a reasonable justification for defendant's delay. The Central District of California's decision in Rialto was filed on August 16, 2005. Defendant filed the motion on September 6, 2005. Therefore, because defendant filed this motion in a timely manner after discovering information relevant to the

/////

certification motion, plaintiff's argument that defendant's motion is untimely is unavailing.

**5.    Stay of Discovery Proceedings**

Defendant requests a stay of discovery, pending the Ninth Circuit's ruling on the issue. (Def.'s Mot. at 7-8). "A district court has inherent discretion to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." Filtrol Corp. v. Kelleher, 467 F.2d 242 (9th Cir. 1972). Because the issue before the Ninth Circuit may be dispositive of plaintiff's federal claims, a stay of the proceedings at this point will promote economy of time and effort for both the parties and the court.

**CONCLUSION**

For the reasons stated herein, defendant's motion for certification pursuant to 28 U.S.C. § 1292(b) is GRANTED. Defendant's motion to stay proceedings pending the outcome of its interlocutory appeal is GRANTED. All dates are hereby VACATED.

IT IS SO ORDERED.

DATED: October 4, 2005.

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE