1  JEFFORY J. SCHARFF, State Bar No. 137620
2  MARK WETTERS, State Bar No. 215767
   SCHARFF, BRADY & VINDING
3  400 Capitol Mall, Suite 2640
   Sacramento, California 95814
4  Telephone: (916) 446-3400
   Facsimile: (916) 446-7159
5  sbv-law@scharff.us

6
   Attorneys for Defendant/Counter-
7  Claimant/Cross-Claimant/Cross-Defendant
   Edward Anselmo, Deceased
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KOTROUS, et al., | NO. CIV. S-02-1520 FCD JFM |
| Plaintiffs, | **STIPULATION AND ORDER MODIFYING THE STATUS (PRETRIAL SCHEDULING) ORDER DATES** |
| v. | |
| GOSS-JEWETT COMPANY OF NORTHERN CALIFORNIA, INC., et al., | |
| Defendants. | |
| AND RELATED CROSS-ACTIONS. | |

The parties to this matter, by and through their undersigned counsel, stipulate to the following facts in support of a joint request to the Court for leave to modify the July 24, 2008, Status (Pretrial Scheduling) Order ("Status Order") to allow the parties to: (1) substitute the estate for a recently-deceased party to ensure that on-going remediation of the subject property continues; (2) file amended pleadings consistent with recent United States Supreme Court authority interpreting key provisions of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"); (3) name and serve additional parties identified as

- 1 -

contributing to the contamination, (4) perform additional discovery; and (5) engage in meaningful mediation before the commencement of expert discovery. The parties have not previously requested modification to the Status Order since it was entered on July 24, 2008.

**1.     UNDERLYING FACTS**

Plaintiff James Kotrous ("Kotrous"), individually and doing business as the Mattress Factory, commenced this action to recover response costs and damages resulting from contamination discovered at real property located at 4301 Power Inn Road, Sacramento, CA (the "Site"). Kotrous is the current owner of the Site. Defendant Goss-Jewett Company of Northern California ("Goss-Jewett"), a provider of dry cleaning chemicals, was a tenant at the Site from approximately the early 1960s to June 1996.

Kotrous, Goss-Jewett, and the previous owner of the Site, Edward Anselmo ("Anselmo"), are currently subject to a Cleanup and Abatement Order ("CAO") issued by the California Regional Water Quality Control Board that requires the three parties to investigate and remediate the PCE contamination in soil and groundwater. Compliance efforts under the CAO have been conducted primarily by Anselmo's environmental consultant, Risk-Based Decisions, and they remain ongoing.

Anselmo recently passed away on or about January 5, 2009, and his counsel is currently working out the details of substituting his estate as a party as well as ensuring that the investigation and cleanup of the Site continue under the CAO. In addition, Risk-Based Decisions, Inc. ("RBDI") has identified off-site contributing sources of PCE contamination in groundwater that will likely lead to the naming of an additional party or parties.

/ / /

/ / /

The parties have all agreed that the interests of the parties as well as judicial economy are

best served by continuance of the discovery deadlines followed by a mediation session, to be followed by expert discovery.

## 2. STATUS OF PLEADINGS AND PARTIES

On January 16, 2009, notice was filed regarding the death of Anselmo. Because Anselmo died before his deposition could be taken, the parties must now expand their investigation into additional witnesses who may be able to provide the evidence that Anselmo might have previously provided.

On or before May 15, 2009, Plaintiff James Kotrous, will seek leave to file the Second Amended Complaint to comply with recent U.S. Supreme Court authority interpreting key provisions of CERCLA and the parties will need to re-examine their pleadings in response. The parties will then need time to examine their own pleadings and determine whether additional pleadings must be filed.

Substantial testing and characterization work has been completed at the Site, and the parties have discovered that there may be at least one other source of pollution upgradient to the Site. Moreover, additional parties have been identified as potentially responsible under applicable law. Thus, additional time is needed to evaluate the possible contribution of such entities.

## 3. SITE CHARACTERIZATION

As noted above, Anselmo's consultant RBDI has conducted extensive site characterization and investigation. Recent results from the 4th quarter of 2008 suggest that additional up-gradient sources of PCE in groundwater may be present. However, those results remain preliminary. RBDI advises that by its June 2009 sampling event, sufficient information may be available to answer the question as to the magnitude of an off-site up-gradient source. If so, RBDI intends to notify the California Regional Water Quality Control Board –Central Valley Region, Sacramento

Branch and request the commencement of an investigation by the up-gradient owners and operators. Assuming that the preliminary indications developed by RBDI are confirmed by that investigation, then the parties to this matter may seek to add those or other entities. Additional time will be needed to conduct this evaluation.

**4. THE PARTIES PROPOSED MODIFICATIONS TO THE STATUS ORDER DEADLINES**

The Status Order provides that discovery shall be completed by May 26, 2009, with expert disclosure by June 22, 2009, and that all dispositive motions shall be heard no later than February 12, 2010. In order to still fit within the February 12, 2010, deadline for the filing of dispositive motions and subsequent trial date, the parties seek to extend the deadlines for regular discovery by approximately six (6) months until November 30, 2009, followed by mediation of the case in December 2009, and the close of expert discovery by January 29, 2010.

Thus, the currently scheduled pre-trial conference on April 16, 2010, and trial date on June 22, 2010, will remain intact. The Proposed Amended Status Order maintains the dates of the pretrial conference and trial, but alters the earlier deadlines to accommodate the inclusion of additional parties, as well as a period for mediation.

**THE PROPOSED AMENDED STATUS (PRETRIAL SCHEDULING) ORDER**

<u>Service of Process and Additional Parties/ Amendments/ Pleadings:</u> Plaintiff will seek leave to file the Second Amended Complaint by May 15, 2009. Counsel for defendant Edward Anselmo will substitute an administrator for the Anselmo estate by May 12, 2009, which will be accomplished through a stipulation by the parties that will be submitted to the Court for approval. Certain defendants may also sue additional defendants. Thus, the deadline to serve additional parties is extended to **August 1, 2009**.

**Discovery**: Discovery shall be completed by **November 30, 2009.** In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court.

**Mediation**: The parties agree that mediation of the matter, pursuant to Rule 16-271 of the Local Rules for the Eastern District of California, would be useful at the close of regular discovery and before the parties engage in costly expert discovery. Thus, the parties hereby stipulate to engage in the Voluntary Dispute Resolution Process in **December 2009** and that the Neutral will file notice of its completion immediately thereafter.

**Disclosure of Expert Witnesses**: All counsel are to designate in writing, file with the court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial no later than **January 29, 2010**. The designation shall be accompanied by a written report prepared and signed by the expert witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B). Unless otherwise specified in this order, within twenty (20) days after the designation of expert witnesses, any party who previously disclosed expert witnesses may designate rebuttal expert witnesses who may only express an opinion on a subject covered by an expert witness designated by an adverse party, if the party designating the rebuttal expert witness has not previously designated an expert witness to testify on that subject. Such rebuttal designations shall be accompanied by written report which shall also comply with the conditions stated above.

**Motions, Final Pretrial Conference and Trial:** The Final Pretrial Conference remains set for **April 16, 2010**, at 1:30 p.m., and trial remains set for **June 22, 2010**, at 9:00 a.m.

Respectfully submitted,

Dated: May 6, 2009          SCHARFF, BRADY & VINDING

                            By: /s/ Jeffory J. Scharff
                                JEFFORY J. SCHARFF
                            Attorneys for Defendant,/Counter-Claimant/
                            Cross-Claimant/Cross-Defendant, Edward Anselmo,
                            Deceased

Dated: May 6, 2009          EDGCOMB LAW GROUP

                            By: /s/ William D. Marsh
                                WILLIAM D. MARSH
                            Attorneys for Defendant, Bayer Cropscience, Inc.

Dated: May 6, 2009          SOMACH, SIMMONS AND DUNN

                            By: /s/ Kanwarjit Singh Dua
                                KANWARJIT SINGH DUA
                            Attorneys for plaintiff, James Kotrous, individually
                            doing business as the Mattress Factory

Dated: May 7, 2009          GREVE, CLIFFORD, WENGEL & PARAS, LLP

                            By: /s/ Gary L. Vinson
                                GARY L. VINSON
                            Attorneys for cross-defendant, Kleinfelder, Inc.

Dated: May 7, 2009          NOLEN AND ASSOCIATES

                            By: /s/ Stephen W. Owens

                                STEPHEN W. OWENS
                            Attorneys for cross-defendants, Ramage
                            Environmental and Joseph Ramage

| | | |
|---|---|---|
| Dated: May 7, 2009 | | WILSON, ELSER, MOSKOWITZ, EDELMAN and DICKER |

By:   /s/ Emily M. Weissenburger
     EMILY M. WEISSENBERGER
Attorneys for coss-defendant RAH Environmental Inc.

Dated: May 7, 2009                BEVERIDGE AND DIAMOND, PC

By:   /s/ Ryan Tacorda for
     GARY J. SMITH
Attorneys for cross-defendant PPG Industries, Inc.

Dated: May 7, 2009                BRYDON, HUGO & PARKER

By:   /s/  Ronald The`
     RONALD THE`
Attorneys for defendants Goss-Jewett Company of Northern California, Inc., a California corporation, Michael Lamanet and Steven Lamanet

Good Cause Appearing,

**IT IS SO ORDERED.**

Dated: May 8, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE