UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES KOTROUS, individually
and doing business as THE
MATTRESS FACTORY,

      NO. CIV. S-02-1520 FCD/JFM

    Plaintiff,

  v.                    MEMORANDUM AND ORDER

GOSS-JEWETT COMPANY OF
NORTHERN CALIFORNIA, INC.,
a California corporation,
et al.,

    Defendants.
_____/
AND RELATED CROSS-ACTIONS.
_____/

----oo0oo----

On January 12 and 14, 2010, defendant and cross-defendant Bayer CropScience Inc. ("Bayer") filed motions for summary judgment, or alternatively, summary adjudication against plaintiff James Kotrous ("Kotrous") and defendants and cross-claimants Goss-Jewett Company of Northern California ("Gross-Jewett") and Rosalie A. Anselmo and Karen L. Lilienthal, Co-Trustees of the "The Edward A. Anselmo and Rosalie A. Anselmo

1

1992 Revocable Trust" ("Anselmo parties"). (Docket #s 240, 242, 251.) In response, Goss-Jewett filed a motion to continue the hearing on Bayer's motion against it in order to conduct additional discovery (Docket #287).[1] Fed. R. Civ. P. 56(f). The Anselmo parties joined in Goss-Jewett's motion to continue (Docket #298). Kotrous did not join in the motion, but in conjunction with his opposition to Bayer's motion for summary judgment, he filed a motion to strike Bayer's supporting declarations and moved for discovery sanctions on similar grounds raised by Goss-Jewett its motion to continue. (Docket #305.) As such, the court continued the hearing on all of Bayer's motions for summary judgment in order to hear, in the first instance, the motion to continue. (Docket #313.)[2]

In response to the motion to continue, Kotrous filed "objections," stating his opposition to the motion on the grounds Goss-Jewett did not diligently move to modify the pretrial scheduling order to permit time for further discovery and it did not justify the need for additional discovery under Rule 56(f). (Docket #333.) Bayer opposes the motion on similar grounds.[3]

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

[2] See E.D. Cal. L.R. 230(e). Moreover, contrary to Bayer's argument, the motion to continue was properly filed pursuant to Local Rule 230(e), which permits "any counter-motion or other [related] motion" to the original motion to be filed "on the date prescribed for the filing of the opposition." Id.

[3] Bayer's opposition was not timely filed. Pursuant to Local Rule 230(c), its opposition was due on Friday, February 5, yet Bayer filed it on February 8. The court, however, has considered Bayer's arguments in rendering its decision.

2

For the reasons set forth below, the court grants Goss-Jewett's motion to continue the hearings on Bayer's motions for summary judgment and permits time for further discovery pertinent to the motions. Such relief is properly granted pursuant to Federal Rules of Civil Procedure 56(f).[4] Moreover, although discovery in this case has closed, the court finds good cause to modify the pretrial scheduling order to reopen discovery since Goss-Jewett has acted diligently in seeking the instant relief. Fed. R. Civ. P. 16(b).

**BACKGROUND**

Kotrous commenced this action against Goss-Jewett and numerous other parties in July 2002, to recover response costs under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") and other damages resulting from alleged contamination at his real property, located at 4301 Iron Point Road, Sacramento, California (the "Site"), that was leased for over thirty years to Goss-Jewett. Goss-Jewett cross-claimed against Bayer alleging that Stauffer Chemical ("Stauffer), Bayer's predecessor, caused a release of perchlorethylene ("PCE") at the Site. While Bayer admits Stauffer *supplied* PCE to Goss-Jewett's facility located on the Site, Bayer contends in moving for summary judgment that there is no colorable evidence that Stauffer ever *delivered* PCE to the Site. According to Bayer, there is no evidence that Stauffer owned or operated the tanker truck at issue, released any PCE at the Site, or is otherwise responsible for the contamination at the Site.

---

[4] All further references to a Rule are to the Federal Rules of Civil Procedure.

3

During the regular course of discovery, in October 2009, Goss-Jewett noticed the deposition of Bayer's corporate representative in order to discover facts relating to the delivery of PCE to Goss-Jewett and the Site. (Ex. A to Oca Decl., filed Jan. 29, 2010.) Initially, Bayer objected to Goss-Jewett's notice, stating, among other things, that it had no relevant witnesses on the issue of deliveries of PCE to Goss-Jewett. (Id. at Ex. C.) Thereafter, Goss-Jewett communicated with Bayer in an attempt to reach an agreement on a date for a deposition of Bayer's corporate representative. (Id. at ¶s 6-7; Johnson Decl., filed Feb. 4, 2010.) Ultimately, though still insisting that it had no relevant witnesses, Bayer agreed to produce a corporate witness, but the parties could not agree on a date for the deposition which was prior to the scheduled close of discovery on November 30, 2009. (Marsh Decl., filed Feb. 8, 2010, ¶s 3-5.) Instead, the first mutually agreeable date was December 7, 2009. That date, however, was post- the discovery cut-off.

Goss-Jewett and Bayer, as well as other parties, then reached an agreement to request an extension of the discovery deadline from the court so that a variety of additional depositions could be conducted, including the deposition of Bayer's corporate representative. (Johnson Decl., ¶s 3-9.) However, Kotrous, among others, would not agree to continue the deadlines. (Oca Decl., ¶ 8.)

Discovery closed on November 30, 2009, and no party moved to extend the deadline. Thereafter on January 12 and 14, 2010, Bayer filed its motions for summary judgment against Kotrous,

Goss-Jewett and the Anselmo parties.  As sole support for its motions, Bayer submitted the declarations of three former Stauffer employees who attested that Stauffer never delivered PCE to Goss-Jewett's facility via Stauffer tanker tanks during the relevant times.[5]  Rather, transportation was provided by an independent carrier, Post Transportation.  Bayer had disclosed the names of these Stauffer employees in 2005 in its Second Supplemental Initial Disclosures (Marsh Decl., ¶ 6); however, significantly, it did not identify these individuals as relevant witnesses in response to Goss-Jewett's Rule 30(b)(6) deposition notice.[6]

Goss-Jewett now moves to continue Bayer's motion for summary judgment in order to depose these individuals or any other Bayer witness who falls within the parameters of Goss-Jewett's corporate deposition notice.[7]  (Oca Decl, Ex. A.)

---

[5] Specifically, the declarations of Duane Comstock, Kelly Darnell, and Kathy Wuelzer (sometimes referred to herein as "declarants").

[6] Said notice, made pursuant to Rule 30(b)(6), requested that Bayer produce a person or persons to testify on behalf of Bayer on the following matters: "1) The delivery of . . . 'PCE' . . . to the former [Goss-Jewett] site located at 4301 Power Inn Road, . . . (the "Site") between 1960 and 1988, including details regarding the amount and frequency of PCE deliveries and how the PCE was delivered to the Site; 2) Any 'release,' as that term is defined in CERCLA . . . of . . . PCE . . . that was allegedly released at the Site by [Stauffer], including the date of such release, the volume or rate of release, the chemical composition of material released, and any witnesses to the release; 3) the spill procedures followed by [Stauffer] during deliveries to the [Site] . . . between 1960 and 1988."

[7] Bayer mistakenly interprets Goss-Jewett's motion as only requesting permission to depose Goss-Jewett's, to date unidentified, "corporate representative."  The court interprets Goss-Jewett's motion as requesting permission to depose the three declarants and any other persons who may have relevant information as described in the Rule 30(b)(6) notice.

5

**STANDARD**

**1. Rule 16(b)**

A pretrial order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes (1983 amendment)). The "good cause" standard set forth in Rule 16 primarily focuses upon the diligence of the party requesting the amendment. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

**2. Rule 56(f)**

When a party opposing a motion for summary judgment cannot present "facts essential to justify his opposition" to the motion, Rule 56(f) permits the party to submit an affidavit stating such reasons, and the court may continue or deny the motion if the opposing party needs to discover essential facts. Garrett v. City and County of San Francisco, 818 F.2d 15154, 1518 (9th Cir. 1987). Specifically, Rule 56(f) provides:

> If the party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to taken[.].

Fed. R. Civ. P. 56(f). The burden is on the party seeking additional discovery to demonstrate that the information sought

exists, and that it would prevent summary judgment.  <u>Nidds v. Schindler Elevator Corp.</u>, 113 F.3d 912, 921 (9th Cir. 1996).  The moving party must also demonstrate that it diligently pursued previous discovery opportunities.  <u>Qualls v. Blue Cross of California</u>, 22 F.3d 839, 844 (9th Cir. 1994).  The Ninth Circuit has noted that "denial of a Rule 56(f) application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing the information sought actually exists."  <u>Visa Int'l Serv. Ass'n v. Bankcard Holders of Am.</u>, 784 F.2d 1472, 1475 (9th Cir. 1986).

**ANALYSIS**

Preliminarily, the court finds good cause to reopen discovery for the limited purpose of allowing Goss-Jewett and the other parties opposing Bayer's motions for summary judgment to depose Bayer's witnesses.  Goss-Jewett diligently pursued discovery against Bayer.  It noticed Goss-Jewett's corporate representative deposition in October 2009, providing Bayer a month's notice of the November 13, 2009 deposition.  However, Bayer objected to the deposition, claiming, despite later producing the subject declarations of the three Stauffer employees, that it had no relevant witnesses.  Indeed, it did. While Bayer ultimately agreed to produce an unnamed corporate representative on December 7, 2010, that day fell outside the discovery period.  Goss-Jewett attempted to obtain a stipulation by all the parties to extend the discovery deadline for limited purposes, but all parties, including Kotrous, would not agree. Understandably, Goss-Jewett did not force the issue believing

7

Bayer that it was unaware of any relevant witnesses.

Promptly upon receiving Bayer's motion which was based on the declarations of the three Stauffer employees, who were persons responsive to Goss-Jewett's Rule 30(b)(6) deposition notice, Goss-Jewett filed the instant motion. Such conduct constitutes the requisite diligence under Rule 16(b). <u>Johnson</u>, 975 F.2d at 609.

Additionally, considering Goss-Jewett's diligence in pursuing discovery, it has likewise made the requisite showing under Rule 56(f) to permit further discovery. During the regular course of discovery, Goss-Jewett attempted to discover facts to establish Stauffer's involvement in the subject activities at the Site; its Rule 30(b)(6) notice to Bayer sought witnesses with information relating to (1) deliveries of PCE to the Site between 1960 and 1988, including the amount and frequency of the PCE deliveries and how the deliveries were made; (2) any releases of PCE by Stauffer employees at the Site; and (3) Stauffer's spill procedures. <u>See</u> n. 6 <u>supra</u>. While the three Stauffer employees have now attested that Stauffer did not make any deliveries of PCE to Goss-Jewett during the relevant time, Goss-Jewett was entitled to test this testimony during a deposition. The declarants were persons falling within the parameters of Goss-Jewett's deposition notice, and Bayer should have timely produced them in response to the notice.

Indeed, it is often through such discovery that a party learns additional facts that may lead to further discovery. Goss-Jewett was entitled to hear the testimony of the declarants prior to the close of discovery; even if the declarants had

testified at their depositions consistently with their declarations submitted now (indicating that they had no information that Staffer was the cause of any releases of PCE at the Site), the deposition process may have lead Goss-Jewett to additional facts that could assist it in establishing Staffer's role in making deliveries of PCE to Goss-Jewett. The court cannot find, as urged by Bayer and Kotrous, that there is no basis for believing that further discovery will reveal facts sufficient for Goss-Jewett, and the other parties, to withstand summary judgment. Visa Int'l, 784 F.3d at 1475 (holding that a Rule 56(f) motion should be granted when a party makes a timely application, specifically identifies relevant information and there exists some basis for believing the information actually exists). Goss-Jewett has sufficiently identified the specific and relevant information that it would like to procure through additional discovery. Under the circumstances, the court finds said discovery warranted.

**CONCLUSION**

For the foregoing reasons, the court GRANTS Goss-Jewett's motion to continue Bayer's motions for summary judgment to permit time for further discovery. Said discovery shall be completed within 60 days of the date of this order. To further support its motions, Bayer may file and serve amended memoranda and any supporting evidence, addressing the further discovery, on or before April 23, 2010; Goss-Jewett, the Anselmo parties and Kotrous may file and serve amended oppositions on or before May 7, 2010. Bayer's replies shall be filed and served on or before May 14, 2010. The continued hearings on Bayer's motions set for

May 21, 2010 are confirmed.

    IT IS SO ORDERED.

DATED: February 17, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE