UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KOTROUS,<br><br>  Plaintiff,<br><br> v.<br><br>GOSS-JEWETT CO. OF NORTHERN CALIFORNIA, INC., et al.,<br><br>  Defendants. | No.  2:02-cv-1520 FCD CKD<br><br><br>ORDER |

Pursuant to the terms of the Court-Administered Remediation Fund Account Instructions agreed to by the parties in order to implement the settlement of James Kotrous, individually and doing business as The Mattress Factory v. Goss-Jewett of Northern California, Inc., et al., case no. 2:02-cv-1520-FCD-CKD, Risk-Based Decisions, Inc., Invoice Nos. 2543 and 2549 were submitted in the amounts of $36,434.97 and $32,976.35 respectively, totaling $69,411.32, for consulting services and expenses incurred at 4301 Power Inn Road through April 30, 2014. These billings were sent to the court on April 8, 2014 and May 6, 2014 with copies to counsel. On May 19, 2014, the court issued an order directing the Clerk of Court to pay to Risk-Based Decisions, Inc. the sum of $69, 411.32 from the settlement fund established in the above-entitled case.  (ECF No. 452.)  The court was subsequently informed that the current balance remaining in the settlement fund is insufficient to satisfy that order in full.  As of May 22, 2014, the settlement

1

fund has a principal balance of $53,859.12 and interest of $320.84.[1]  Accordingly, the court's May 19, 2014 order directing the Clerk of Court to pay to Risk-Based Decisions, Inc. the sum of $69, 411.32 from the settlement fund is vacated.

By the terms of the parties' settlement agreement establishing the settlement fund, the court may issue an order directing the Clerk of Court to terminate the settlement fund and forward the remaining funds to those designated by the settlement agreement as the "Anselmo Parties."[2]  Given the fact that the funds currently available in the settlement fund are insufficient to satisfy the Risk-Based Decisions, Inc., Invoice Nos. 2543 and 2549, the court finds it appropriate to exercise this power under the terms of the agreement at this time.  Accordingly, the Clerk of Court is directed to terminate the settlement fund established in this case and forward the remaining funds, including any interest accrued up through the date of termination, to those designated as the "Anselmo Parties" in conformance with the terms of the settlement agreement.[3]

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1. The court's May 19, 2014 order (ECF No. 452) is VACATED; and

////

////

////

---

[1] Because the settlement fund's interest accrues daily, the actual amount of interest paid out will be slightly more than the $320.84 referenced above.  Nevertheless, this additional amount will still be insufficient to satisfy the combined total amount sought through Invoice Nos. 2543 and 2549.

[2] The settlement agreement states, in pertinent part:

> 5. _Termination of Settlement Fund._  The Settlement Fund shall be closed and any amounts remaining shall be forwarded to the Anselmo Parties upon receipt by the Clerk of Court of an Order terminating the Remediation Fund from the Overseeing Judge.

(ECF No. 349-1 at 19 (copy of settlement agreement).)

[3] By the terms of the settlement agreement: "In the event that the monies paid to the Remediation Fund are insufficient to obtain remediation . . . such additional amounts necessary to achieve remediation shall under no circumstances be the responsibility of the Funding Parties . . . ."  (ECF No. 349-1 at 4.)

2

2. The Clerk of Court is directed to terminate the settlement fund established in this case and forward the remaining funds, including any interest accrued up through the date of termination, to those designated the "Anselmo Parties" by the terms of the settlement agreement.

Dated: June 4, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE