UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KOTROUS,<br><br>    Plaintiff,<br><br>  v.<br><br>GOSS-JEWETT CO. OF NORTHERN CALIFORNIA, INC., et al.,<br><br>    Defendants. | No.  2:02-cv-1520 FCD CKD<br><br><br>ORDER |

    Pursuant to the terms of the Court-Administered Remediation Fund Account Instructions agreed to by the parties in order to implement the settlement of <u>James Kotrous, individually and doing business as The Mattress Factory v. Goss-Jewett of Northern California, Inc., et al.</u>, case no. 2:02-cv-1520-FCD-CKD, Risk-Based Decisions, Inc., Invoice Nos. 2543 and 2549 were submitted in the amounts of $36,434.97 and $32,976.35 respectively, totaling $69,411.32, for consulting services and expenses incurred at 4301 Power Inn Road through April 30, 2014. These billings were sent to the court on April 8, 2014 and May 6, 2014 with copies to counsel. On May 19, 2014, the court issued an order directing the Clerk of Court to pay to Risk-Based

/////

/////

/////

1

1  Decisions, Inc. the sum of $69,411.32 from the settlement fund established in the above-entitled

2  case.[1]  (ECF No. 452.)  The court was subsequently informed that the current balance remaining

3  in the settlement fund is insufficient to satisfy that order in full.  As of May 22, 2014, the

4  settlement fund had a principal balance of $53,859.12 and interest of $320.84.[2]

5        On June 4, 2014, the court issued an order directing the Clerk of Court "to terminate the

6  settlement fund established in this case and forward the remaining funds, including any interest

7  accrued up through the date of termination, to those designated the 'Anselmo Parties' by the

8  terms of the settlement agreement."[3]  (ECF No. 453 at 3.)  It has come to the court's attention that

9  the terms of the settlement agreement directing that the remainder of the settlement fund be

10  forwarded to the "Anselmo Parties"[4] upon the fund's termination do not provide sufficiently

11  definite directions as to how the remaining funds, including any interest, are to be divided

12  amongst these parties in the event of a court-ordered termination.  Consequently, the Clerk of

13  Court cannot presently terminate the settlement fund and disburse the remaining amounts in

14  accordance with the court's June 4, 2014 order.  Accordingly, the court's June 4, 2014 order

---

[1] The court subsequently vacated this order in light of the fact that the settlement fund contained insufficient amounts to fully cover the total sum of $69,411.32.  (See ECF No. 453.)

[2] Because the settlement fund's interest accrues daily, the actual amount of interest paid out will be slightly more than the $320.84 referenced above.  Nevertheless, this additional amount would still be insufficient to satisfy the combined total amount sought through Invoice Nos. 2543 and 2549.

[3] The court issued this order in accordance with the terms of the parties' settlement agreement. (See ECF No. 394-1.)  The settlement agreement states, in pertinent part:

> 5. <u>Termination of Settlement Fund.</u>  The Settlement Fund shall be closed and any amounts remaining shall be forwarded to the Anselmo Parties upon receipt by the Clerk of Court of an Order terminating the Remediation Fund from the Overseeing Judge.

(ECF No. 349-1 at 19 (copy of settlement agreement).)

[4] By the terms of the settlement agreement, the "Anselmo Parties" consist of "Rosalie A. Anselmo and Karen Lilienthal, individually and as trustees of certain trust documents, Eleanor J. Anselmo, individually and as a trustee of certain trust documents, Dave Davelaar, and Linda Davelaar."  (ECF No. 394-1 at 2.)

2

directing the Clerk of Court "to terminate the settlement fund established in this case and forward the remaining funds, including any interest accrued up through the date of termination, to those designated the 'Anselmo Parties' by the terms of the settlement agreement" is hereby vacated.

In light of the fact that the terms of the settlement agreement do not provide adequate specificity for the court to terminate the fund and forward the remaining funds to those designated as the "Anselmo Parties," the court finds that the most practical course of action at this juncture is to order that the remaining amounts in the settlement fund be directed towards the full satisfaction of Risk-Based Decisions, Inc., Invoice No. 2543 and partial satisfaction of Risk-Based Decisions, Inc., Invoice No. 2549,[5] and that the settlement fund be terminated after this final disbursement is made and the remaining funds, including any accrued interest, have been depleted.[6] Accordingly, this will be the court's order.

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1. The court's June 4, 2014 order (ECF No. 453) is VACATED; and

2. Within ten days from the date of this order, the Clerk of Court is directed to:

a. Pay to Risk-Based Decisions, Inc. the sum of $36,434.97 from the settlement fund established in the above-entitled case in satisfaction of the expenses referenced in Invoice No. 2543.[7]

---

[5] The remaining balance in the settlement fund, which as of May 22, 2014 consisted of a principal balance of $53,859.12 and interest balance of $320.84, is sufficient to fully cover the $36,434.97 in consulting services and expenses requested through Invoice No. 2543. Any amounts remaining in the settlement fund after the full satisfaction of Invoice No. 2543 shall be applied towards satisfying the $32,976.35 in consulting services and expenses requested through Invoice No. 2549.

[6] By the terms of the settlement agreement: "In the event that the monies paid to the Remediation Fund and interest earned are insufficient to obtain remediation . . . such additional amounts necessary to achieve remediation shall under no circumstances be the responsibility of the Funding Parties . . . ." (ECF No. 349-1 at 4.) Accordingly, the remaining amount owed to Risk Based Decisions, Inc. through Invoice No. 2549 not covered by the disbursement of the monies remaining in the settlement fund established in this case shall not be the responsibility of those identified in the settlement agreement as the "Funding Parties."

[7] Copies of Invoice Nos. 2543 and 2549 are appended to this order. No objections to these billings have been filed within the seven day period during which objections must be filed to be considered.

1         b. Pay to Risk-Based Decisions, Inc. any and all funds in the settlement fund established in the above-entitled case remaining after the disbursement in satisfaction of Invoice No. 2543, including any and all interest accrued up to the date of disbursement, in partial satisfaction of the expenses referenced in Invoice No. 2549.

        c. Terminate the settlement fund established in the above-entitled case after the above disbursements have been made.

Dated: June 23, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE